# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05cr282

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **MELVIN LEWIS BAYLOR** ) | |
| ) | |

**THIS MATTER** is before the Court upon the government's Notice of Appeal of the magistrate judge's release order. (Doc. No. 6). For the reasons stated below, the Court will REVOKE the release order and detain the defendant pending trial.

The defendant was indicted on July 27, 2005, for conspiring to commit a Hobbs Act robbery of a shoe store (Count One), for committing and aiding and abetting the commission of the robbery (Count Two), and for discharging and aiding and abetting the discharge of a firearm in that crime of violence (Count Three). (Doc. No. 1: Indictment). The magistrate judge ordered the defendant's release on conditions after a hearing on December 27, 2005. (Doc. No. 8: Order).

At the hearing, information was presented that while he was on felony probation for accessory after the fact to robbery, the defendant, his juvenile brother, and Nathan Cuthbertson went to a shoe store with the intention of committing an armed robbery. During the robbery, the defendant's brother and Cuthbertson brandished firearms. A store clerk, who was also armed with handgun, shot and killed the co-conspirator. The defendant's brother shot back at the clerk. During the gun battle, the defendant was shot repeatedly. Even so, he and his brother managed to flee from the store and obtain medical treatment. The defendant later admitted his involvement in

the armed robbery to local police. The defendant was charged with state crimes and released on bond, but the charges were later dismissed. Although the defendant asserted he kept checking with local authorities for a federal warrant following the dismissal of the state charges, counsel for the government informed the court that a SWAT team extracted the defendant from his residence in order to arrest him on the federal charges.

The magistrate judge credited the defendant's young age (19 years old), the injuries he received during the robbery, and the defendant's mother's statement that the defendant had changed his direction as sufficient grounds for release. Therefore, the magistrate judge found that the community would be protected if the defendant were released with electronic monitoring and his mother as third-party custodian[1] and that release would spare the government the cost of the defendant's confinement and medical care. The government gave notice of its intention to appeal and the magistrate judge stayed his release order.

A district court is required to make an independent, de novo determination when acting on a motion to revoke or amend a magistrate judge's pretrial release order. United States v. Stewart, 19 Fed. Appx. 46, 48 (4th Cir. 2001)(citing United States v. Rueben, 974 F.2d 580, 585-86 (5th Cir. 1992). However, a district court is not required to hold an additional evidentiary hearing as part of its review. United States v. King, 849 F.2d 485, 489-90 (11th Cir. 1988); United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989).

The Court has carefully conducted a de novo review of the evidence presented before the magistrate judge and the entire record in this case and finds the magistrate judge's decision to

---

[1] The defendant's mother's boyfriend told the court the defendant could live with them if he was released.

release the defendant was in error. The proof offered by the defendant fell well below that required to rebut the presumption of detention applicable to the charges in this case. 18 U.S.C. § 3142(e). The nature of this offense was extremely violent, involving a gun battle with a store clerk and the death of one of the co-conspirators. 18 U.S.C. § 3142(e)(1). The evidence against the defendant is strong, including his confession to local police. 18 U.S.C. § 3142(e)(2). Significantly, the defendant was on felony probation for a robbery-related offense at the time he committed this armed robbery. 18 U.S.C. § 3142(e)(3)(B). Finally, there was no detail of the defendant's need for continuing medical treatment, or that any need could not be accommodated during confinement. Thus, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if the defendant were released.

**IT IS, THEREFORE, ORDERED** that the magistrate judge's release order (Doc. No. 8) is **REVERSED** and the defendant is committed to the custody of the Attorney General.

**IT IS FURTHER ORDERED** that, to the extent practicable, the defendant shall be confined in a corrections facility separate from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States marshal for the purpose of an appearance with a court proceeding.

The Clerk is directed to certify copies of this order to the defendant, counsel for the defendant, to the United States Attorney, the United States Marshals Service, and the United

States Probation office.

**Signed: January 5, 2006**

_Robert J. Conrad, Jr._
Robert J. Conrad, Jr.
United States District Judge